IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN KELLY, | Cause No. CV 20-11-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER and FINDINGS AND |
| | RECOMMENDATION OF U.S. |
| JOHN BORSKE, | MAGISTRATE JUDGE |
| Defendant. | |

Plaintiff Kelly moves to proceed in forma pauperis with this action under 42 U.S.C. § 1983.  Kelly alleges that Defendant Borske, a deputy sheriff in Lewis and Clark County, violated the law by threatening to arrest him.

## I.  Motion to Proceed In Forma Pauperis

Kelly's motion adequately demonstrates that he is unable to pay costs that may be associated with this action.  The $400.00 filing fee will be waived.

## II.  Screening Requirement

Kelly is proceeding in forma pauperis.  The Court must review his complaint to determine whether it fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Kelly is also self-represented.  "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).  Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added).

Dismissal is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

### III.  Kelly's Allegations

Kelly alleges that, in approximately May 2018, he intended to remove two people from a camper he had permitted them to use for a limited time.  *See* Compl. (Doc. 2) at 6, 8.  Kelly states that he had consulted an attorney about the people using his camper, and the attorney advised him that the matter was a civil one and "law enforcement personnel could not legally become involved."  *Id*. at 7.  Kelly also mentions that he wanted to remove his camper, *see id*. at 7, 9, 10–11, 14, suggesting it might have been on someone else's property.

Before Kelly acted, a pastor called the Sheriff's Department.  Defendant Borske answered the call.  Borske then called Kelly or asked to speak to him on the pastor's phone.  "[W]ithout equal investigation as to both sides of the complaint," Borske told Kelly that "in the event that Plaintiff Kelly went and removed his own camper," Borske "would in fact arrest Plaintiff Kelly for theft of his own lawful camper."  *Id.* at 8–9.  Kelly asserts that this threat violated the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment and also constituted intimidation and unlawful interference in a civil matter.  *See id*. at 13–15.

### IV.  Analysis

The complaint shows there was some dispute about possession of the camper, or the property it was on, or both.  The officer instructed Kelly not to take the camper.

3

A "seizure" occurs "whenever a police officer accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968).  To the extent Kelly was "seized" for the duration of the phone call, the seizure was reasonably limited in time and scope and reasonably justified by the pastor's phone call to the Sheriff's Department. *See id.* at 16–19.  The officer told Kelly he should not take the action he had planned to take but did not otherwise constrain him. Kelly remained free to walk away when the phone call ended.  He also remained free to use civil legal process to obtain his camper, *see, e.g.*, Mont. Code Ann. §§ 27-17-201 through -208, and free to file with police or the deputy a report that his camper had been stolen.

Because the officer's brief involvement resolved the immediate situation without an arrest or longer detention, Kelly did not have a right to demand additional investigation to justify the officer's statement that he would arrest Kelly if Kelly continued on the path to reclaiming his camper.  A conditional statement of intent to arrest is not an arrest.

The facts Kelly alleges do not amount to a Fourth Amendment violation. They do not suggest the officer engaged in any invidious or irrational discrimination against Kelly in violation of equal protection.  Kelly's allegations do not support any claim under 42 U.S.C. § 1983.  No doubt Kelly did not want to be arrested, but that does not mean the officer unlawfully intimidated him.  And no

law prohibits law enforcement from becoming involved in matters deemed "civil."

To support a claim, Kelly would have to allege facts that are different from the ones he has already alleged, not merely additional facts.  Amendment would be futile.  The complaint should be dismissed for failure to state a claim on which relief may be granted.

Based on the foregoing, the Court enters the following:

## ORDER

Kelly's motion to proceed in forma pauperis (Doc. 1) is GRANTED.  The clerk shall waive payment of the filing fee and edit the docket text to show the Complaint is filed.

The Court also enters the following:

## RECOMMENDATION

1.  Kelly's complaint (Doc. 2) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.  The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Kelly may object to this Findings and Recommendation within 14 days.  *See*

28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Kelly must immediately advise the Court of any change in his mailing

address.  Failure to do so may result in dismissal of this action without notice to

him.

DATED this 7th day of February, 2020.


  */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.

6