IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN KELLY,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN BORSKE,<br><br>      Defendant. | CV 20–11–H–DLC–JTJ<br><br>ORDER |

Before the Court is Plaintiff Stephen Kelly's ("Kelly") pro se Complaint, alleging that Defendant John Borske, a sheriff's deputy acting in his official capacity, violated his civil rights. (Doc. 2.) Because Kelly is proceeding pro se and in forma pauperis, his case was referred to United States Magistrate Judge John Johnston, who screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* D. Mont. L.R. 72.2(a)(1). Judge Johnston entered his Findings and Recommendations on February 7, 2020. (Doc. 4.) There, he recommended that the Court dismiss the Complaint with prejudice for failure to state a claim. (*Id.* at 5.) For the following reasons, the Court adopts his recommendation.

**LEGAL STANDARD**

After his case was opened, the Clerk's office notified Kelly that, as a pro se

-1-

litigant, he "must immediately inform the Clerk of Court of any change in [his] address." (Doc. 3 at 2.) Further, it warned Kelly that his failure to do so "may result in dismissal of [his] case without notice to [him]." (*Id.*) Since February 7, 2020, the Court's efforts to mail Judge Johnston's Order and Findings and Recommendations to Kelly at the address listed on his Complaint have been unsuccessful. (Docs. 5; 6.) More than a month has passed since Kelly filed his Complaint and Judge Johnston entered his Findings and Recommendations. While the Court declines to summarily dismiss his Complaint, it will construe his failure to notify the Court of his current address as a failure to respond to the Findings and Recommendations.

Accordingly, Kelly has waived his right to de novo review of the record, 28 U.S.C. § 636(b)(1)(C), and the Court reviews the Magistrate Judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## DISCUSSION

With his permission, people were living in a camper owned by Kelly. (Doc. 2 at 8.) Kelly apparently sought to evict the camper's occupants by removing his camper from where it sat. (*Id.* at 7.) Kelly contends that, when Borske warned him over the phone that any resort to self-help remedies might result in arrest, Borske infringed his rights under the Fourth and Fourteenth Amendments. (*Id.* at 13–15.) While it takes slightly different analytical avenues to resolution, the Court ultimately agrees with Judge Johnston's determination that Kelly's Complaint fails to state a claim under either Amendment.

I.  **Fourth Amendment: Illegal Interference and Intimidation**

Kelly alleges that Borske abused his authority by interfering in a "sole and isolated civil matter concerning [his] rightful and lawful property" resulting in a Fourth Amendment violation. (*Id.* at 13.) He goes on to contend that Borske's warning amounted to "unlawful intimidation" when he stated that Kelly could be subject to arrest if he removed the camper as he intended. (*Id.* at 14.)

First, the Court finds no authority to support Kelly's assertion that, because landlord-tenant disputes generally fall outside the ambit of criminal law, "law enforcement personnel could not legally become involved." (*Id.* at 7.) Indeed, law enforcement routinely "becomes involved" in civil matters. *See, e.g.*, *Whren*

*v. United States*, 517 U.S. 806 (1996) (temporary detention of motorists for *civil* traffic violations constitutionally permissible).   Here, Kelly's intent to forcibly remove the camper's occupants—by way of moving the structure itself— implicates potential violations of Montana's landlord-tenant laws.   *See* Mont. Code Ann. § 70–24–427 (authorizing courts, not landlords, to resolve disputes over possession of rental property); Mont. Code Ann. § 70–24–428 (prohibiting landlords from recovering possession of a dwelling by "action or otherwise").   It does not follow that, because property law falls outside Montana's criminal code, law officers like Borske are powerless to enforce it.

Second, "[t]he Fourth Amendment does not proscribe all contact between the police and citizens, but is designed to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals."   *I.N.S. v. Delgado*, 466 U.S. 210, 214 (citation and internal quotation marks omitted).   That is, not all personal intercourse between policemen and citizens implicates the Fourth Amendment: "[o]nly when the officer, by means of physical force or show of authority, has restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."   *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

The circumstances Kelly describes were not intimidating. He does not allege that Borske used unreasonable—or any—force when he warned Kelly about the consequences of his intended course of conduct. Kelly does not say that Borske spoke loudly or engaged in any otherwise threatening behavior. A reasonable person would have felt free to hang up the phone and otherwise remove himself from the situation. The Court can only find that Kelly's Fourth Amendment allegations fail to state cognizable claims.

## II.  Fourteenth Amendment: Equal Protection

The Court also agrees with Judge Johnston that Kelly's Complaint fails to state a claim on equal protection grounds. The purpose of the equal protection clause of the Fourteenth Amendment "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination[.]" *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citation omitted).

Nothing in the facts alleged show that Borske intentionally or arbitrarily treated Kelly differently than another similarly situated person—i.e., a landlord threatening to forcibly evict his tenants—by warning him against removing the camper. That Borske perhaps did not listen to Kelly's side of the story before informing him of the consequences of his intended course of conduct fails to

implicate anything the Fourteenth Amendment protects. Without more, Borske's alleged failure to "equally investigate" does not state an equal protection claim.

## ORDER

For the foregoing reasons, IT IS ORDERED that the Court ADOPTS IN FULL Judge Johnston's Findings and Recommendations (Doc. 4). Accordingly, IT IS ORDERED that the Complaint (Doc. 2) IS DISMISSED WITH PREJUDICE for failure to state a claim.

Further, the Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 26th day of March, 2020.

_____
Dana L. Christensen, District Judge
United States District Court